```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MIGDALIA RAMOS and JUAN RAMOS,               :
                                             :
                        Plaintiffs,          :
                                             :
        -against-                            :        22-CV-9723 (VEC)
                                             :
                                             :            ORDER
WILLY RAMIEREZOLIVO and BATTAWAY             :
TOWING LLC,                                  :
                                             :
                        Defendants.          X
--------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2022

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 16, 2022, the Court ordered Defendants to show cause why this case should not be remanded to state court for failure to comply with the requirements of 28 U.S.C. §1446(b)(1), which states that the notice of removal must be filed within 30 days of receipt of a copy of the initial pleadings, or, if the pleadings do not establish that the case is removable, within 30 days after receipt of the "paper from which it may first be ascertained that the case is one which is or has become removable," id. § 1446(b)(3);

WHEREAS Defendants attached the Complaint and Defendants' Answer to their response to the Court's order to show cause but did not explain why they failed to include a copy of the pleadings with the notice of removal, as required by 28 U.S.C. § 1446(b)(1), Letter Ex. 2, Dkt. 4; Letter Ex. 4, Dkt. 4;

WHEREAS the Complaint was served on Defendants on September 8, 2022, Letter, Dkt. 4 at 1;

WHEREAS the Complaint does not state the amount of damages that Plaintiffs are seeking, Letter Ex. 2; and

WHEREAS Defendants state that they did not file the notice of removal within thirty days of service of the Complaint because defense counsel did not review Plaintiffs' medical records until she was assigned to this case on October 21, 2022, and the case was removed upon the first "indication that the value of the case could exceed $75,000," *id*.

IT IS HEREBY ORDERED that this case will be remanded to the Supreme Court of the State of New York, County of Bronx on **Tuesday, November 22, 2022**, unless Defendants provide the Court, by no later than **Monday, November 21, 2022**, with further evidence that the amount in controversy requirement is met.

Defendants' conclusory statement that their review of the medical records establishes that the amount in controversy requirement is met does not establish that the case is removable. While courts may look to medical records to determine whether the amount in controversy is met, such records must be part of the record in the case. *See United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meridien Sq., Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). In order to establish the case is removable, the Defendants must submit "supplementary submissions or estimates" establishing that the amount of damages sought is in excess of the jurisdictional limit. *Id.* at 306; *see also Kogut v. Wal-Mart Stores, Inc.*, 2012 WL 24050201, at *2–3 (W.D.N.Y. June 25, 2012) (a defendant's conclusory assessment that the amount in controversy is met is insufficient to establish removability).

**SO ORDERED.**

Date:  November 18, 2022
       New York, New York

_____
VALERIE CAPRONI
United States District Judge